Judge Buckner,
delivered the opinion of the court.
Hodge purchased of Wells, a lot in the town of Mountsterling, at the price of $300, and executed his note therefor, payable one day after date. Shortly after its execution, $100 of the note was paid in commonwealth’s bank notes, and credited at the nominal amount. The remainder of the note being unpaid, suit was commenced on it, and judgment recovered. This suit was then commenced on a bill in chancery by Hodge against Wells, to obtain relief against apart of thejudg- *121 merit, on the ground that the contract was, for notes of the commonwealtlrs bank, but that through fraud or mistake, it had not been so expressed in the note. An injunction was obtained for $135 50 cents.
Wells in his first answer denied that there was any such agreement on the subject, but in a second answer acknowledges, that by the terms of the contract, he was bound to receive the amount in that kind of paper, if the note should be punctually discharged, without suit; at the end of one year from its date, for which time he agreed to wait, althought it was made payable one day after date, that it might carry interest, as Hodge was put into the immediate possession of the property. He insists however, that as he had indulged Hodge for a year and more, as agreed upon, and had then sued him, he was not bound to receive the amount due in any kind of money, except specie.
The proof shows that at the time, the note was executed, each party understood, how it was written, for at the time of its execution, an enquiry was made hy some one present, whether it was to be paid in specie, or notes current in the state, to which one or both replied, it made no difference, they understood each other. But it clearly appears from the depositions, in the 'cause, that the contract was made, not for specie, hut for notes of the hank aforesaid.
The circuit court, upon the hearing of the cause, made the injunction perpetual for the difference between the amount of the judgment in specie, and that kind of paper; and the decree is in óur opinion correct.
It has been repeatedly decided by this court, and we !,, are not disposed to violate the principle, that parol testimony is inadmissible, to contradict or vary the terms of a contract as reduced to writing, signed by the parties, as the evidence of that contract; except in cases of fraud or mistake. The decree in this suit, is not at all at war, with that doctrine. The reasons upon which it is founded, do not apply to the present case; The plaintiff in error, in his written answer acknowledges, that the contract, as made, was not correctly set forth in the note. He states it to bé entirely different; but attempts to set up another contract, as different from that exhibited in the note, as that is, from the one, proved hy the *122 'witnesses. Under such circumstances, there is no more danger of perjury in permitting parol testimony, to shew what were the true terms of the contract, than there be, had the note never been executed.
When complainant alleges his contract to have been for commonwealth’s paper, though the written instrument calls for specie, and the defendant in his answer denies it, but sets up a contract variant from the writing and from that alleged by complainant; parol testimony admirable to establish the real contract."
Tnplett,fov plaintiff; A. Davis, for defendant.
It is not the admission of parol testimony to vary the terms of the writing. That is effected by the defendant’s written admissions; and the parol testimony is received to shew that the contract was not such, as he in his answer exhibits it. By his admissions that the covenant does not set out the contract truly, he has himself destroyed the conclusive nature of it, which if relied upon, could not have been denied, except in cases of fraud or mistake.
It moreover appears in this case, from written questions propounded by Wells to some of the witnesses whose depositions were read on the trial, that the reason offered by him, at the time the covenant was executed for refusing to have it drawn payable in commonwealth’s notes, was that it would give to Hodge a right to replevy for two years. No such legal consequence would there hy have resulted. If he knew better, and thus deceived Hodge, it was a fraud. If it proceeded from the ignorance of the contracting parties, it should he considered as a mistake, and in either case justice equally demands relief.
The decree of the circuit court-must he affirmed with .costs.